IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                            No. 15-10019-01-JTM
                                                Civil No. 18-1052-JTM

ISAIAS FIGUEROA-CAPITAN,
    Defendant.

MEMORANDUM AND ORDER

Defendant Isaias Figueroa-Capitan pled guilty to use of a communication device to facilitate a drug trafficking crime, in violation of 21 U.S.C. § 843(b), and to interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3). (Dkt. 44). The court sentenced defendant to 108 months imprisonment. (Dkt. 48). The matter is now before the court on defendant's Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255.

In this motion, defendant alleges that his lawyer "pushed" him into pleading guilty, did not discuss his case with him, or advise him of his appeal rights. He also alleges that the lawyer failed to inform him of his rights under the sentencing laws, and that his understanding of the process was affected by his limited knowledge of English. (Dkt. 54). The court hereby dismisses defendant's motion for the following reasons.

First, the motion is time-barred. The court entered Judgment on July 7, 2016. (Dkt. 48). Because defendant filed no appeal, his conviction became final 14 days later. Fed.R.App.P. 4(b)(1)(A). Normally, a request for relief under § 2255 must be made within one year of when the conviction is final. 28 U.S.C. § 2255(f). The statute provides some exceptions to this rule, but none of these is applicable here. There was no impediment put in place in violation of the Constitution which prevented defendant from seeking timely relief, defendant cites no new right which has been recognized Supreme Court which has been made retroactive to cases on collateral review, and he presents no facts which could not have been previously discovered with due diligence. Defendant simply contradicts, without plausible explanation, his previous voluntary and open plea. These claims are untimely.

Even assuming the motion was timely, the claims now asserted were waived by the defendant. When he entered his Plea Agreement, Figueroa-Capitan explicitly admitted to "knowingly committing these offenses, and to being guilty of them." (Dkt. 44, ¶ 1.) His admissions as to the details of the crimes were specific. He acknowledged that when DEA investigators executed a search warrant on his apartment on February 19, 2015, they found and seized "2.5 pounds of methamphetamine, which included more than 50 grams of pure methamphetamine," "approximately 400 grams of cocaine and a Ruger P89, 9mm semiautomatic pistol." (*Id.*) He voluntarily admitted that, at the scene and after being advised of his *Miranda* rights, he told the officers that he had been "distributing methamphetamine and other controlled substances from the apartment."

(*Id*.) He agreed that he had been using a telephone on February 14, 2015 to help him arrange for the drugs he was distributing to be sent from Texas to Kansas. He received the drugs the next day, and "intended to distribute the drugs he received from Texas if he had not been arrested by agents from the DEA." (*Id*.) Figueroa-Capitan swore that his plea of guilty was free, voluntary, and with a full understanding of all matters related thereto. (Dkt. 43, ¶ 11).

The defendant freely and voluntarily waived his rights to appeal and collateral attack. Specifically, he agreed:

> **Waiver of Appeal and Collateral Attack**. The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a).

(Plea Agreement, ¶ 9).

In his Petition to Enter Plea of Guilty, Figueroa-Capitan swore his plea of guilty was free, voluntary, and with a full understanding of all matters set forth in the Plea. (Dkt. 43, ¶ 23). In both the Plea Petition and Agreement, he acknowledged that the final sentence was up to the court, and he could not withdraw the plea later. The final sentence imposed was within the range contained in the Plea Agreement.

The court finds no reason why the waiver in the Plea Agreement should not be enforced. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (setting standards for enforcement). Here, the defendant's present collateral claims fall squarely within the scope of the waiver rights. As noted above, the final sentence was within the range contemplated by the Plea Agreement, and defendant agreed the final sentence would be imposed by the court, based upon its own assessment of the case, and that he would not challenge this assessment. Defendant freely and voluntarily agreed to waive collateral challenges to the sentence imposed.

Second, the court finds that Figueroa-Capitan's waiver was knowing and voluntary. As indicated above, the waiver provision in the Plea Agreement is plain and obvious. Figueroa-Capitan's plea was entered "freely, voluntarily, and knowingly." (Dkt. 44, ¶ 19). He specifically agreed that he had discussed the case, the evidence and the plea with his attorney. (*Id.*) Based upon the Petition, the Agreement, and the careful and extensive plea colloquy between the court and the defendant on March 17, 2016, it is clearly established that the defendant fully understood the all consequences of his Agreement.

Third, no manifest injustice arises from enforcement of the waiver. Factors which might establish such injustice, *see Hahn*, 359 F.3d at 1327, are entirely absent. The waiver was otherwise lawful, the sentence did not exceed the statutory maximum, and defendant's race played no role in the sentencing. Nor was counsel ineffective in the plea negotiations. The court is aware of the high professionalism and expertise of counsel, was able to directly observe the performance of counsel, and directly interacted with defendant as to the free and knowing nature of his plea. Notwithstanding his present assertions, the court finds that the defendant understood what was happening and why, knew his rights of his trial and appeal, and the effect of a waiver. But he also knew there was strong evidence against him, and there were advantages to pleading guilty. Counsel secured for the defendant good and valuable benefits by the plea negations, under which the government dismissed additional charges against him. Enforcement of a waiver to which defendant freely agreed is no miscarriage of justice.

Finally, even if the present claims were not time-barred and were not waived, the defendant would not be entitled to relief. The defendant has failed to meet his burden of showing that counsel was actually deficient in performance or that any such deficiency resulted in prejudice to his interest. *See Strickland v. Washington*, 466 U.S. 668 (1984). Here, the defendant makes generalized complaints that his attorney failed to inform him of his rights and "pushed" him into pleading guilty and that with his limited English he did not understand his rights, and counsel further failed to apprise him of provisions which might reduce his sentence. However, as indicated before,

5

defendant's protestations now that he lacked understanding or that counsel essentially forced him to plead guilty are directly belied by his own, direct, open, free, and understanding admissions that he knew of his rights, that he had discussed his rights with counsel, and that he had no complaints with the performance of counsel. Defendant's other arguments are entirely conclusory. He has not shown that counsel failed to apprise him of any sentencing provision which would otherwise have been applicable. Moreover, the performance of counsel must be judged with respect to the entire result — defendant pled guilty and waived certain rights, but he gained valuable benefits from the plea agreement in the form of the dismissal of other charges. Counsel actively defended his client, who faced strong evidence of guilt, and obtained a relatively advantageous result. The court finds no basis to conclude the performance of counsel was deficient.

Even assuming Figueroa-Capitan had rejected the plea and proceeded to trial, or if counsel had employed other tactics or filed additional motions, the defendant has failed to show any likelihood that the ultimate result would have been more favorable. The totality of the evidence available to the government—including defendant's confessions of guilt shortly after apprehension—strongly suggest that the ultimate result would have been the same.

The defendant has failed to show any miscarriage of justice arising from the enforcement of the Plea Agreement he freely, voluntarily, and knowingly entered into.

Figueroa-Capitan received the benefits of the bargain, received a reasonable and appropriate sentence, and has shown no grounds for modification of that sentence.

Finally, the court declines to issue a certificate of appealability, which may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Such a certificate may issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)). When a court's ruling is based on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

The defendant has not met these standards; the defendant's present claims are untimely, have been waived by a voluntary and knowing plea agreement, and fail to show either deficient performance by counsel or any actual prejudice. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

IT IS ACCORDINGLY ORDERED this day of February, 2020, that the defendant's Motion to Vacate (Dkt. 54) is denied; the court declines to issue a certificate of appealability.

*J. Thomas Marten*
J. Thomas Marten, Judge